```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAJES RABAIA, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-7165 (JBS) |
| STATE OF NEW JERSEY, et al., | |
| Respondents. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1).

 1. The unsigned petition appears to have been submitted on behalf of Hajes Rabaia, a state-sentenced inmate incarcerated at South Woods State Prison, by his brother. (Docket Entry 1 at 16).

 2. Mr. Rabaia's brother lacks standing to pursue a habeas petition on Mr. Rabaia's behalf. A litigant who seeks to prosecute a habeas petition on behalf of someone else (or as a "next friend"), "must establish the requisite [Article III] standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154; *In re Zettlemoyer*, 53 F.3d 24, 26-27 (3d Cir. 1995). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.

3. The *Whitmore* Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing. "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (internal citation omitted).

4. As Hajes Rabaia presently has another habeas petition pending before this Court, *Rabaia v. New Jersey*, No. 15-4809 (D.N.J. filed June 17, 2015), he is clearly able to pursue his own relief. His brother therefore lacks standing to act as a "next friend" for habeas purposes.

5. In the absence of a petition signed by someone with standing, *see* 28 U.S.C. § 2254 Rule 2(c)(5), this Court lacks jurisdiction over the instant petition.  This petition will be dismissed without prejudice to pursuing the previously-filed petition in No. 15-4809 (JBS).

6. A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied because jurists of reason would not find it

debatable that dismissal of the Petition is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    7.    An appropriate Order accompanies this Opinion.


 October 15, 2015                                s/ Jerome B. Simandle  
Date                                              JEROME B. SIMANDLE  
                                                    Chief U.S. District Judge